**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

LUCINIO RAMIREZ BOLIVAR,

*Petitioner*,

v. Case No. 3:26-cv-1853-WWB-MCR

WARDEN, NORTH FLORIDA DETENTION FACILITY, et al.,

*Respondents*.

---

**ORDER**

Juan Pablo Martinez, as next friend to Petitioner, initiated this action by filing a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. (Doc. 1 at 8). He asserts that Immigration and Customs Enforcement ("**ICE**") is currently detaining him at Baker Correctional Institution. (*Id.*). The Petition is not a model of clarity, and it is unclear what claims Petitioner seeks to raise. He contends that he is not a flight risk; his detention is arbitrary without formal charges; ICE has failed to consider less restrictive means; and his detention violates guidelines for asylum. (*See generally id.*).

Federal courts may grant the writ where any petitioner can show that he is "in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3). Here, Petitioner has not alleged sufficient facts to establish his entitlement to relief. Indeed, he does not claim Respondents violated a particular constitutional right or that his detention is illegal, and his allegations are conclusory in nature and devoid of sufficient facts that would allow the Court to draw reasonable inferences that Respondents violated his constitutional rights. Petitioner carries the burden of clearly

identifying his claims and the relief he seeks. Because he fails to carry that burden, the Petition is dismissed without prejudice to Petitioner's right to refile a § 2241 petition that clearly sets forth allegations about how his detention allegedly violates the Constitution.

The Court also notes that Petitioner did not sign the Petition, but rather Juan Pablo Martinez signed on his behalf as next friend. (*See* Doc. 1 at 8). The Court cautions Petitioner that an "[a]pplication for a writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf." 28 U.S.C. § 2242. The latter part of this statutory provision codifies the common-law tradition of permitting a "next friend" to litigate on behalf of a person who, because of incompetence, is unable to initiate a habeas action himself. *See Whitmore v. Arkansas*, 495 U.S. 149, 162 (1990). But "'[n]ext friend' standing is by no means granted automatically . . . ." *Id.* at 163. The would-be next friend must provide an adequate explanation for the necessity of the designation, such as the real party's mental incompetence or lack of access to the courts. *Id.* As such, if another individual intends to file any future petition on behalf of Petitioner, that individual must demonstrate that "next friend" status is appropriate before doing so.

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. This case is **DISMISSED without prejudice**.
2. The Clerk shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.
3. The Clerk of Court shall send Petitioner a § 2241 habeas corpus petition form. Petitioner should use the form if he decides to initiate a new case in

this Court. He should not put this case number on the form, because the Clerk will assign a new case number upon receipt.

**DONE AND ORDERED** in Jacksonville, Florida, on July 22, 2026.

WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Jax-7
C: Lucinio Ramirez Bolivar, A243081801